# IN COMMON PLEAS OF LUZERNE CO

### LABAR VS. SNELL.

FIRST—Silence, upon the part of persons interested, when the law is otherwise fully complied with, will never be ground for setting aside a sheriff's sale.

SECOND —When title to property sold at a sheriff's sale is obtained by a trick or fraudulent practice, the title is invalid.

THIRD—Where the inadequacy of price is very gross the Court will take advantage of any irregularity in the proceedings, however slight, to set aside a sheriff's sale.

Rule to set aside sheriff's sale,

This case grows out of a sheriff's sale of real estate and the non-performance of an agreement made between lien creditors concerning the same. The facts are fully detailed in the

Opinion by HANDLEY, J.

Williams sold his real estate on the 9th day of March 1876, to Snell for the sum of $2200. There was no purchase money paid down, but Snell gave three judgment notes to Williams. One for $400, due one year after date; one for $500, due two years after date. The $400, note Williams assigned to Labar. This assignment was made after the note became due. The note in question was due on the 31st of March 1877, and the sale took place on the 23rd of March 1878. The third note was for $1,300, payable three years after date. When this property was thus conveyed Williams was in great need of money; the purchaser had none, nor had his friend Smith, but, to help Williams out Smith let him have $1,300 of a judgment. It was also agreed when the $1,300 judgment was transferred that the Snell note of $1,300 should have priority of lien over the other two purchase money notes. When the sheriff's sale took place Williams and Smith each had judgments entered against the property, and so far as we can ascertain these judgments seem to be the only liens of

record. The depositions show that the property is valued at $1,700 and was bid in for the sum of $62.

Labar and Williams were each present at the sheriff's sale and had counsel; Smith was also present but without counsel. The depositions of Mr. Smith show that Williams and Labar requested Smith to allow the property to be sold, and that if he would not bid they would fix his matter all right. Under this arrangement Smith allowed the property to be bid in for costs. After the sale Williams told Smith that Labar would fix matters as agreed, but when Smith asked Labar, Labar replied that he had nothing to do with it as the property now belonged to him. Smith then adds in his depositions that he did not bid because Williams and Labar told him not to bid, as they would fix his matter up. Exhibit "A" attached to depositions shows that Labar and Williams actually entered into a written agreement to control the sale and the judgments then entered against the property. Applications to set aside sheriff's sales are getting to be as numerous as rules to show cause in actions at law. Why is this? It is simply because of the want of integrity, so prominently developed of late, in parties who conduct sales in the sheriff's office. Absolute verity and non interference with the due course of the law must be the guiding star of every man who, by misfortune or otherwise, is called upon to attend sheriff's sales. When it becomes known that the least falsehood, misrepresentation or deception of any kind will be cause for setting aside sales, then, and not until then, will men learn to spin out the silver thread of truth. A silent tongue or a truthful tongue, where the law is otherwise fully complied with, will never cause a sale to be set aside.

It has been decided time and again that when a title to property at a sheriff's sale is obtained by a trick or fraudulent practice, the title is invalid: McCaskey vs. Graff, 11 Harris, 324; Abbey vs. Dewey, 1 Casey, 413; Sharp vs. Long, 4 Casey, 433; Hagg vs. Wilkens et al, 1 Grant, 68. Where the inadequacy of price is very gross, the court will take advantage of any irregularity in the proceedings,

however slight: Whitman vs. Pratt, 1 Am. L. J., 190. Misdescription is also relied on to sustain this rule, but as we are impressed with the belief that this sale will have to be set aside on the ground of the misrepresentations, we will not examine into that question. The rule in this case is made absolute and sale set aside.

G. Hahn, Esq., for rule.

A. R. Brundage, Esq., contra.

---

## SUPREME COURT OF PENNSYLVANIA.

---

### *Sturges' Appeal*

1. The lien of a fi. fa. against personal property, pending a rule to show cause why execution shall not be stayed, does not continue beyond the return day without previous levy; but if a levy has actually been made, its lien is preserved until the rule is disposed of, although no order to that effect is made.

2. A levy may be made by virtue of a writ of fieri facias at any time before and on its return day, but not afterwards.

3. It is the duty of the court on staying executions to direct a levy to be made when not previously done, for the purpose of preserving liens.

Appeal from Court of Comn.on Pleas of Luzerne county.